UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL VOLLRATH,<br><br>Defendant. | Case No. 2:24-cv-01458-DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 26) |

Pending before the Court is Plaintiff United States of America's motion for default judgment pursuant to Federal Rules of Civil Procedure 55(b)(2).[1] Pl. Mot. (ECF No. 26). This motion was re-noticed for hearing for June 24, 2025 before the undersigned. (ECF No. 28.) Defendant Michael Vollrath did not file a response to the motion, nor has he appeared in this case in any way. *See* Docket. On June 13, 2025, Plaintiff's motion was taken under submission without argument pursuant to Local Rule 230(g). 6/13/2025 Order (ECF No. 29). For the reasons stated below, the Court recommends Plaintiff's motion for default judgment be GRANTED, and that judgment be entered in favor of Plaintiff.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302(c)(19).

1

## I. BACKGROUND

### A. Factual Background

This action arises from Defendant's failure to pay federal taxes and penalties. Compl. ¶ 17 (ECF No. 1). From 2012 to 2021, the Internal Revenue Service ("IRS") assessed tax liabilities against Defendant for unemployment taxes (IRS Form 940), employment taxes (IRS Form 941), unpaid income taxes (IRS Form 1040), and a civil penalty under 26 U.S.C. § 6721 for failing to file a correct information return. *Id.*

On July 12, 2013, a Notice of Federal Tax Lien ("NFTL") on the IRS Form 941 for the tax period ending September 30, 2012 ("September 30, 2012 Form 941") was filed against Defendant and recorded with the Butte County Clerk Recorder. Compl. ¶¶ 17, 26. The IRS assessed employment tax liabilities against Defendant on December 24, 2012 for a principal balance of $93,781.39. *Id.* ¶ 17. As of January 29, 2024, Defendant has an outstanding tax balance on the September 30, 2012 Form 941 for $146,228.05. *Id.*

On April 15, 2014, a NFTL on the IRS Form 941 for the tax period ending June 30, 2013 ("June 30, 2013 Form 941"), and the IRS Form 941 for the tax period ending September 30, 2013 ("September 30, 2013 Form 941") were filed against Defendant and recorded with the Butte County Clerk Recorder. Compl. ¶¶ 17, 26. The IRS assessed employment tax liabilities against Defendant on September 9, 2013 for a principal amount of $9,636.22 on the June 30, 2013 Form 941, and on December 23, 2013 for a principal amount of $88,235.02 on the September 30, 2013 Form 941. *Id.* ¶ 17. As of January 29, 2024, Defendant has an outstanding tax balance on the June 30, 2013 Form 941 for $776.81, and on the September 30, 2013 Form 941 for $193,151.41. *Id.*

On August 19, 2014, a NFTL on the IRS Form 941 for the tax period ending March 31, 2014 ("March 31, 2014 Form 941") was filed against Defendant and recorded with the Butte County Clerk Recorder. Compl. ¶¶ 17, 26. The IRS assessed employment tax liabilities against Defendant on June 23, 2014 for a principal balance of $138,538.36. *Id.* ¶ 17. As of January 29, 2024, Defendant has an outstanding tax balance on the

March 31, 2014 Form 941 for $264,194.48. *Id*.

On November 25, 2014, a NFTL on the IRS Form 941 for the tax period ending December 31, 2013 ("December 31, 2013 Form 941") was filed against Defendant and recorded with the Butte County Clerk Recorder. Compl. ¶¶ 17, 26. The IRS assessed employment tax liabilities against Defendant on September 29, 2014 for a principal balance of $124,382.70. *Id*. ¶ 17. As of January 29, 2024, Defendant has an outstanding tax balance on the November 25, 2014 Form 941 for $72,923.86. *Id*.

On December 9, 2014, a NFTL on the IRS Form 941 for the tax period ending June 30, 2014 ("June 30, 2014 Form 941") was filed against Defendant and recorded with the Butte County Clerk Recorder. Compl. ¶¶ 17, 26. The IRS assessed employment tax liabilities against Defendant on September 22, 2014 for a principal balance of $90,248.02. *Id*. ¶ 17. As of January 29, 2024, Defendant has an outstanding tax balance on the June 30, 2014 Form 941 for $171,853.70. *Id*.

On December 11, 2014, a NFTL on the IRS Form 940 for the tax period ending December 31, 2013 ("December 31, 2013 Form 940") was filed against Defendant and recorded with the Butte County Clerk Recorder. Compl. ¶ 17; 5/5/5 Harshan Singh Declaration, Exh. 2 at 5 (ECF No. 26-3). The IRS assessed unemployment taxes liabilities against Defendant on October 13, 2014 for a principal balance of $6,703.10. *Id*. ¶ 17. As of January 29, 2024, Defendant has an outstanding tax balance on the December 31, 2013 Form 940 for $30,209.05. *Id*.

On February 10, 2015, a NFTL on the IRS Form 941 for the tax period ending September 30, 2014 ("September 30, 2014 Form 941") was filed against Defendant and recorded with the Butte County Clerk Recorder. Compl. ¶¶ 17, 26. The IRS assessed employment tax liabilities against Defendant on December 15, 2014 for a principal balance of $72,610.94. *Id*. ¶ 17. As of January 29, 2024, Defendant has an outstanding tax balance on the September 30, 2014 Form 941 for $5,073.24. *Id*.

On January 4, 2017, a NFTL on a civil penalty pursuant to 26 U.S.C. § 2671 for the tax period ending December 31, 2013 was filed against Defendant and recorded with

the Butte County Clerk Recorder. Compl. ¶¶ 17, 26; Singh Decl. ¶ 8. The IRS assessed the civil penalty against Defendant on June 27, 2016 for a principal balance of $2,700. Compl. ¶ 17. As of January 29, 2024, Defendant has an outstanding penalty balance for $3,904.01. *Id.*

On July 19, 2023, a NFTL on the IRS Form 1040 for the tax period ending December 31, 2019 ("December 31, 2019 Form 1040") was filed against Defendant and recorded with the Butte County Clerk Recorder. Compl. ¶¶ 17, 26. The IRS assessed employment tax liabilities against Defendant on July 5, 2021 for a principal balance of $1,293.58. *Id.* ¶ 17. As of January 29, 2024, Defendant has an outstanding tax balance on the December 31, 2019 Form 1040 for $25,027.59. *Id.*

Plaintiff alleges despite providing notices for payment of the tax liabilities and civil penalty, Defendant has failed to fully pay the amounts owed. Compl. ¶ 18. As of April 14, 2025, the total outstanding balance for the tax liabilities and civil penalty is $1,159,800.56. Pl. Mot. at 2; Singh Decl. ¶ 14.

### B.   Procedural Background

On May 23, 2025, Plaintiff initiated this action asserting the following two causes of action: (1) reduction to judgment of federal tax assessments against Defendant Vollrath and; (2) foreclosure of federal tax liens encumbering a real property located at 780 Bruce Lane, Chico, CA 95928 ("Subject Property") against Defendants Northern California Collection Service Inc., American Express National Bank, California Franchise Tax Board, Butte County, and John/Jane Doe. Compl. ¶¶ 1, 5-10, 27-30. On June 26, 2024, Plaintiff filed proofs of service of the summons and complaint on Defendants Vollrath, Northern California Collection Service Inc., American Express National Bank, California Franchise Tax Board, and Butte County. (ECF Nos. 4-8). On July 11, 2024, Plaintiff and Defendant Butte County filed a joint stipulation of lien priority stipulating, in part, that the Subject Property will be sold clear of all interests of either party in the event the Court grants Plaintiff's request for relief as to its second cause of action for an order authorizing Plaintiff to enforce its tax liens against the Subject Property by ordering the

sale of the Subject Property. ECF No. 10 ¶¶ 1-3. Plaintiff and Defendant Butte County also stipulated that Defendant Butte County would be excused from participating in the action, including but not limited to scheduling conferences, settlement conferences, and trial. *Id*. ¶ 8. On January 17, 2025, Plaintiff filed a request for entry of default against Defendant Vollrath after Defendant Vollrath failed to appear. (ECF No. 18.) The Clerk of the Court entered default as to Defendant Vollrath on January 23, 2025. (ECF No. 19.) On April 8, 2025, Plaintiff and Defendant Butte County filed a joint stipulation of dismissal stipulating to the dismissal of the second cause of action. (ECF No. 22). On April 10, 2025, the assigned district judge issued a minute order dismissing the second cause of action. 4/10/2025 Order (ECF No. 23). Because only the second cause of action was brought against Defendant Butte County, this defendant has been dismissed. The April 10, 2025 minute order also dismissed Defendants Northern California Collection Service Inc., American Express National Bank, and California Franchise Tax Board from this action. *Id.*

On May 14, 2025, Plaintiff moved for default judgment against Defendant Vollrath as to its remaining cause of action for reduction of the tax assessments to judgment. Pl. Mot. at 1, 4-5. Defendant Vollrath was served with Plaintiff's motion on the same day. *Id*. at 8. On May 19, 2025, Plaintiff's motion was re-noticed before the undersigned for a hearing for June 24, 2025. (ECF No. 28.) After Defendant Vollrath failed to respond to the motion for default judgment, on June 13, 2025, the Court issued an order taking Plaintiff's motion under submission; vacating the hearing; ordering a written response from Defendant Vollrath by June 27, 2025; and directing Plaintiff to serve Defendant Vollrath with a copy of the order. 6/13/2025 Order. Plaintiff filed a proof of service indicating that Defendant Vollrath was served with a copy of the June 13, 2025 Order on June 17, 2025. (ECF No. 30.) Defendant Vollrath did not respond. *See* Docket.

**II.    LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise

5

defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;
2. the merits of the substantive claim(s);
3. the sufficiency of the complaint;
4. the amount of money at stake in the lawsuit;
5. whether there are any disputes of material fact;
6. whether the defendant's default was due to excusable neglect; and
7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove

damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### III.   DISCUSSION

Plaintiff moves for default judgment against Defendant Vollrath as to its only remaining cause of action for a reduction of tax assessments to judgment. Pl. Mot. at 1. Plaintiff requests the Court enter judgment in favor of it for unpaid tax liabilities and civil penalty in the amount of $1,159,800.56 plus statutory interest and additions, as provided by law. *Id*. at 6-7.

#### A.   Jurisdiction and Service

As a preliminary matter, a court considering whether to enter default judgment must first determine whether it has jurisdiction over both the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction. 28 U.S.C. § 1331. The Court has jurisdiction over matters in which the federal government is seeking to enforce federal tax laws. *See* 28 U.S.C § 1340. Here, Plaintiff is seeking to reduce to judgment unpaid federal taxes and a civil penalty. Compl. ¶¶ 3, 27.  In addition, the Court has personal jurisdiction over Defendant Vollrath, who appears to be a California resident. *See* Compl; ECF No. 4.

The Court also finds service was proper under Federal Rules of Civil Procedure 4. Here, a third-party process server attempted to serve Defendant Vollrath with process on June 14, 2024, June 15, 2024, and June 16, 2024 at Defendant Vollrath's residence, but there was no answer at the door. ECF No. 4 at 3. On June 17, 2024, the process server left a copy of the summons and Complaint with Lawrence "Doe" at Defendant Vollrath's residence. *Id.* The process server also mailed the same documents to Defendant Vollrath's residence on June 18, 2024. *Id*. at 1. Accordingly, Defendant Vollrath was properly served through substitute service. *See* Cal. Civ. P. § 415.20.

/ / /

/ / /

**B.     *Eitel* Factors**

For the following reasons, the Court finds that the *Eitel* factors weigh in favor of granting default judgment against Defendant.

        1.     Factor One: The Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment were not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See PepsiCo,* 238 F. Supp. 2d at 1177. Here, the Clerk of the Court entered default against Defendant Vollrath on January 23, 2025 (ECF No. 19), and Defendant Vollrath has not participated in the litigation despite being served with the Complaint, default judgment motion, and the Court's June 13, 2025 Order. *See* Docket. Plaintiff would suffer prejudice if the Court did not enter a default judgment. Accordingly, the first *Eitel* factor favors the entry of default judgment.

        2.     Factors Two and Three: The Merits of the Claim and the Sufficiency of the Complaint

The merits of Plaintiff's substantive claim and the sufficiency of the Complaint are considered together due to the relatedness of the two inquiries. The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc*., 238 F. Supp. 2d at 1175. Here, the merits of the claim and the sufficiency of the Complaint favor entry of default judgment.

Plaintiff moves for default judgment on its remaining claim to reduce Defendant Vollrath's tax liabilities to judgment. *See* Pl. Mot. Pursuant to 26 U.S.C. § 7401, the United States is statutorily authorized to bring a civil action on behalf of the IRS to collect unpaid federal taxes. *See* 26 U.S.C. § 7401 ("No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."). "In an action to collect tax, the government bears the initial burden of proof. The government, however, may satisfy this initial burden by

introducing into evidence its assessment of taxes due." *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990) (citations omitted). "Normally, a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case. The presumption does not arise unless it is supported by a minimal evidentiary foundation." *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983) (citations omitted).

Here, the Complaint states the present action was commenced "at the direction of the United States and with the authorization and request of the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States." Compl. ¶ 2. The Complaint sets forth in detail the nature of the tax assessments and the monetary amounts owed for each tax period. *Id*. ¶ 17. The Complaint also alleges that Defendant Vollrath was provided timely notice and demand for payment. *Id*. ¶¶ 18-19. Plaintiff has also submitted IRS Certificates of Assessments, Payments and Other Specified Matters ("Certificates of Assessments") for Defendant Vollrath for the outstanding tax assessments. Singh Decl., Exh. 1. In the absence of any evidence to the contrary, the Certificates of Assessments are sufficient to establish the monetary amounts at issue and that the tax assessments were properly made. *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) ("It is settled in this circuit that Certificates of Assessments and Payments are 'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that ... assessments were properly made.'") (citing *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992)). Taken as true, the Court finds the allegations of the Complaint are sufficient and state a meritorious claim. Accordingly, the Court finds that these two factors weigh in favor of granting default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo,* 238 F. Supp. 2d at 1176. The sum of money at stake here is significant, though not unreasonable as it is directly connected to the tax assessments and Defendant Vollrath's refusal to pay. *See United*

*States v. China China Inc.*, 2011 WL 4404941, at *3 (N.D. Cal. Aug. 31, 2011) ("as to the fourth factor, although a relatively large sum of money is involved, it represents liability accrued by both Defendants over multiple tax years."), *report and recommendation adopted*, 2011 WL 4404154 (N.D. Cal. Sept. 21, 2011). Accordingly, the fourth *Eitel* factor favors the entry of default judgment.

    4.  <u>Factor Five: The Possibility of Dispute Concerning Material Facts</u>

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-pleaded allegations and documentation supporting its claim. *See generally* Compl. Here, the Court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, and thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003); *PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the fifth *Eitel* factor favors the entry of default judgment.

    5.  <u>Factor Six: Whether Default was Due to Excusable Neglect</u>

Upon review of the record before the Court, there is no indication that the default was the result of excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiff served Defendant Vollrath with the summons and the Complaint. (ECF No. 4.) Plaintiff also served Defendant Vollrath with its motion for default judgment and with the Court's June 13, 2025 Order. Pl. Mot. at 8; ECF No. 30. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendant Vollrath has failed to participate in this action or to defend himself. Accordingly, the sixth *Eitel* factor favors the entry of default judgment.

/ / /

/ / /

10

### 6. Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although the Court is cognizant of the policy favoring decisions on the merits, that policy does not, by itself, preclude the entry of default judgment where a defendant fails to appear or defend itself in an action. *See PepsiCo,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

### 7. Conclusion

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendant Vollrath as to its claim to reduce the tax assessments to judgment. The Court next determines the amount of damages to which Plaintiff is entitled.

### C. Terms of Judgment

Plaintiff seeks a judgment in favor of it in the amount of $1,159,800.56 plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) and other statutory additions running from April 14, 2025, until paid in full. Pl. Mot. at 6-7. As addressed above, Plaintiff has submitted Certificates of Assessment indicating that notices of tax assessments were issued to Defendant Vollrath. Singh Decl., Exh. 1. Plaintiff has also provided copies of true and correct copies of the Integrated Data Retrieval System INTST module printouts for each year showing the amount of accrued tax, interest, and penalties due, as of April 14, 2025, on assessments made against Defendant Vollrath for the tax period and liabilities at issue. Singh Decl. ¶¶ 11-13; Exh. 2. Plaintiff calculates the total amount owed for the September 30, 2012 Form 941, June 30, 2013 Form 941, September 30, 2013 Form 941, December 31, 2013 Form 941, March 31, 2014 Form 941, June 30, 2014 Form 941, September 30, 2014 Form 941, December 31, 2013 Form 940, December 31, 2019 Form 1040, and a civil penalty pursuant to 26 U.S.C. § 2671 for 2013, are as follow:

///

| Form | Period | Assessment Date | Principal Amount | Outstanding Balance as of 4/14/2025 |
|---|---|---|---|---|
| 941 | 9/30/2012 | 12/24/2012 | $93,781.39 | $63,158.28 |
| 941 | 6/30/2013 | 09/09/2013 | $9,636.22 | $852.65 |
| 941 | 9/30/2013 | 12/23/2013 | $88,235.02 | $212,046.20 |
| 941 | 12/31/2013 | 09/29/2014 | $124,382.70 | $335,082.75 |
| 941 | 3/31/2014 | 06/23/2014 | $138,538.36 | $290,022.38 |
| 941 | 6/30/2014 | 09/22/2014 | $90,248.02 | $188,752.78 |
| 941 | 9/30/2014 | 12/15/2014 | $72,610.94 | $5,568.58 |
| 940 | 12/31/2013 | 10/13/2014 | $6,703.10 | $33,035.55 |
| 6721 | 12/31/2013 | 06/27/2016 | $2,700.00 | $4,095.37 |
| 1040 | 12/31/2019 | 07/05/2021 | $1,293.58 | $27,186.02 |
|  |  |  | TOTAL | $1,159,800.56 |

Pl. Mot. at 2 (citing Singh Decl. ¶¶11-13, Ex. 2).

The Court finds Plaintiff has met its burden of demonstrating that Defendant Vollrath has accrued tax assessments, penalties, interest and fees in the amount of $1,159,800.56 and recommends granting this request.

## IV.   CONCLUSION

For the reasons set forth above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 26) be GRANTED;
2. Plaintiff be awarded $1,159,800.56 plus statutory interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) and other statutory additions running from April 14, 2025, until paid in full.

       3.     This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, usa1458.24